# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD J. ALLISON,<br><br>                Plaintiff,<br>v.<br><br>STEIN FORENSICS UNIT,<br><br>                Defendant. | Case No. 2:21-cv-02025-RFB-BNW<br><br>**ORDER** |

      Plaintiff Ronald J. Allison ("Allison") brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Nevada Adult Mental Health Services. (ECF No. 1-1.) On November 29, 2021, this Court ordered Allison to file a complaint in compliance with Local Special Rule 2-1 ("LSR 2-1") and a fully complete application to proceed in forma pauperis or pay the full $402 filing fee on or before January 28, 2022. (ECF No. 4.) The Court warned Allison that the action could be dismissed if he failed to file a complaint in compliance with LSR 2-1 and a fully complete application to proceed in forma pauperis with all three documents or pay the full $402 filing fee for a civil action by that deadline. (Id. at 5.) Thereafter, on December 9, 2021, the Court received the November 29, 2021, order returned as undeliverable. (ECF No. 5). The January 28, 2022, deadline has now expired and Allison did not file a change of address, a complaint in compliance with LSR 2-1, a fully complete application to proceed in forma pauperis, pay the full $402 filing fee, or otherwise respond.

**I.     DISCUSSION**

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Allison's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a

case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). This action cannot realistically proceed until and unless Allison either files a complaint in compliance with LSR 2-1 and a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter another order setting another deadline. Nor can this action proceed without the ability for the Court and the defendants to send plaintiff case-related documents, filings, and orders. The only alternative to dismissal is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. And without an updated address, the likelihood that the second order would even reach the plaintiff is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Allison's failure to file a change of address, a complaint in compliance with LSR 2-1, a fully complete application to proceed in forma pauperis, or pay the full $402 filing fee in compliance with this Court's November 29, 2021, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Allison wishes to pursue his claims, he must file a complaint in a new case.

DATED:  February 28, 2022

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE